## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| FEDERATION FOR AMERICAN | ) | |
| IMMIGRATION REFORM, | ) | |
| 25 Massachusetts Ave., N.W. | ) | |
| Suite 330 | ) | |
| Washington, DC 20001, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. _____ |
| | ) | |
| UNITED STATES DEPARTMENT | ) | |
| OF STATE, | ) | |
| 2201 C Street, N.W. | ) | |
| Washington, DC 20001, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT

## NATURE OF ACTION

1.      Plaintiff Federation for American Immigration Reform ("FAIR") brings this

action against Defendant United States Department of State ("State Department") to compel its

compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  On July 5, 2018,

FAIR sought certain records from the State Department pursuant to FOIA regarding recalcitrant

countries that refuse to comply with their international obligations to accept return of their

citizens who were not eligible to remain in the United States.  The State Department violated

FOIA by failing to respond to FAIR's request within the required time period, by failing to

follow the procedures required by FOIA, and by failing to disclose and release the requested

records.  As part of the relief prayed for in this action, FAIR requests that this Court order the

State Department to respond to FAIR's FOIA request and to release all the responsive records that the State Department improperly withheld.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701–706.

3.      This Court has jurisdiction to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*.

4.      Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

5.       Plaintiff FAIR is a non-profit organization as defined under 501(c)(3) of the Internal Revenue Code and has its principal place of business at 25 Massachusetts Ave, N.W., Suite 330, Washington, DC 20001.  FAIR seeks to educate the citizenry and increase public awareness of immigration issues, and hold the nation's leaders accountable for enforcing the nation's immigration laws.  In furtherance of its public interest mission, FAIR regularly requests access to the public records of federal agencies, entities, and offices, and disseminates its findings to the public.

6.      Defendant State Department is a department of the United States government and is headquartered at 2201 C Street, N.W., Washington, DC 20520.  The State Department has possession, custody, and control of the records to which FAIR seeks access.

## STATEMENT OF FACTS

7.      On July 5, 2018, FAIR submitted a FOIA request to the State Department, by online FOIA portal, requesting:

> 1)      All records showing the number of instances wherein recalcitrant countries refused to comply with their international obligations to accept the return of their citizens who were not eleigible to remain in the United States.  It is requested that this information be broken down on a country-basis.

> 2)      All records showing the number of démarche letters sent by the Department of State to each recalcitrant country not complying with international obligations to accept their nationals.

> 3)      All records, to include démarche letters, diplomatic cables, and emails relating to the Department of State's actions in the discontinuance of granting immigrant and nonimmigrant visas to recalcitrant countries.

The time period of the request was from October 1, 2012, to June 30, 2018.  FAIR's July 5, 2018, FOIA request to the State Department hereinafter is referred to as the "FOIA Request."

8.      The State Department is an "agency" within the meaning of 5 U.S.C. § 552(f)(1), and is subject to the provisions of FOIA.

9.      FAIR requested that search, review, and production fees for the FOIA Request be waived.  FAIR stated that it had a compelling need for expedited handling of the FOIA Request and that an urgency to inform the public concerning actual or alleged federal government activity exists.  In its request, FAIR cited the public interest purpose of its FOIA Request (see 5 U.S.C. § 552(a)(4)(A)(iii)) and also explained that FAIR qualifies as a "representative of the news media" under 5 U.S.C. § 552(a)(4)(A)(ii)(II).

10.     *Inter alia*, the disclosure of records and information that FAIR seeks through the FOIA Request is in the public interest; will contribute significantly to the public's understanding

of how the State Department processes NIVs and IVs; and is not primarily in FAIR's commercial interest. Indeed, FAIR, a non-profit organization, does not seek the requested records for any commercial benefit.

11. Other government agencies have acknowledged that FAIR is a "representative of the news media" for purposes of FOIA. Among other things, FAIR regularly publishes online periodicals (such as newsletters) and disseminates information through electronic communications.

12. The State Department sent a communication dated July 5, 2018, acknowledging the FOIA Request. The communication stated that the FOIA Request was filed online on July 5, 2018.

13. FOIA establishes deadlines by which federal agencies must respond to FOIA requests and release responsive documents. 5 U.S.C. § 552(a)(6)(A). A federal agency that is subject to FOIA and that receives a FOIA request must issue a determination within twenty (20) business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i). If the agency provides written notice to the requester explaining that "unusual circumstances" exist warranting additional time, the agency may be entitled to one ten (10) day extension to respond to the FOIA request. 5 U.S.C. § 552(a)(6)(B). Within the deadlines established by FOIA, an agency must notify the requester of whether the agency has determined to comply with a request, and of the requestor's right to appeal an adverse determination. *See* 5 U.S.C. § 552(a)(6)(A).

14. As an "agency" within the meaning of 5 U.S.C. § 552(f)(1), the State Department must comply with the nondiscretionary statutory requirements of FOIA.

15. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the State Department was required to determine whether to comply with the FOIA Request within twenty (20) working days after

4

receipt of that request and to notify FAIR of its determination, the reasons therefore, and the right to appeal any adverse determination.

16.     The statutory deadline for the State Department to response to the FOIA Request was August 2, 2018.  The State Department did not respond to the FOIA Request by that date.

17.     As of the date of this Complaint, the State Department still has not complied with FOIA (including as required by 5 U.S.C. § 552(a)(6)(A)(i)), and has violated FAIR's rights under the statute.  Among other things, the State Department has: (i) failed to determine within 20 business days after receipt of the FOIA Request whether to comply with that request; (ii) failed to notify FAIR of any such determination and the reasons for such determination within the required time period; (iii) failed to advise FAIR of its right to appeal any adverse determination of the FOIA Request; and (iv) failed produce the requested records or otherwise demonstrate that the requested records are exempt from production.

18.     Because the State Department has failed to comply with the time limit to respond to the FOIA Request, the State Department has constructively denied the FOIA Request.  FAIR, therefore, is deemed to have exhausted any and all administrative remedies with respect to the FOIA Request.  *See* 5 U.S.C. § 552(a)(6)(C)(i).

19.     FAIR has exhausted its administrative remedies regarding the FOIA Request, and, therefore, is entitled to petition this Court for injunctive and declaratory relief from the State Department's withholding of the requested records.  *See* 5 U.S.C. § 552(a)(4)(B).

20.     FAIR has a legal right to the requested records.  The State Department improperly has withheld those records, forcing FAIR to file suit to enforce its rights under FOIA.

## COUNT I

(Violation of FOIA, 5 U.S.C. § 552)

21.      FAIR re-alleges paragraphs 1 through 20 as if fully stated herein.

22.      The State Department failed to respond to the FOIA Request within the statutory deadlines imposed by FOIA.  As a result, the State Department violated FAIR's rights under FOIA, including but not limited to those set forth in 5 U.S.C. § 552(a)(6).

23.      As of the date of this Complaint, the State Department has failed to state which records, if any, it intends to release and produce (whether in whole or in part) in response to the FOIA Request.

24.      As of the date of this Complaint, the State Department has failed to release or produce any records in response to the FOIA Request, in violation of FAIR's rights under FOIA, including but not limited to those set forth in 5 U.S.C. § 552(a)(3)(A).

25.      The State Department wrongfully is withholding responsive records from FAIR that FAIR requested pursuant to 5 U.S.C. § 552.  The State Department failed to disclose and produce records responsive to the FOIA Request without a legal basis for withholding such records, in violation of FOIA, including but not limited to 5 U.S.C. §§ 552(a)(3)(A) and (6)(A). The failure and/or refusal of the State Department to disclose and produce records responsive to the FOIA Request is improper and unlawful.

26.      FAIR is entitled to injunctive relief compelling the release and disclosure of the requested records.  FAIR is being harmed by reason of the State Department's unlawful withholding of the requested records.  FAIR will continue to be harmed unless this Court compels the State Department to comply with FOIA and applicable law.

27.     FAIR is entitled to declaratory relief that the State Department has violated FAIR's rights under FOIA and that FAIR is entitled to receive all non-exempt records requested in the FOIA Request.

28.     FAIR is entitled to its reasonable attorneys' fees and other litigation costs under 5 U.S.C. § 552(a)(4)(E).

## PRAYER FOR RELIEF

WHEREFORE, FAIR respectfully requests that the Court:

(a)  Expedite consideration of this action, pursuant to 28 U.S.C. § 1657;

(b)  Find and declare that the State Department violated FOIA by failing to respond timely to the FOIA Request, by failing to follow the procedures required by FOIA, and by failing to disclose and release records in response to the FOIA Request;

(c)  Order the State Department to conduct an adequate search for any and all records responsive to the FOIA Request, and require the State Department to show that it employed search methods reasonably likely to lead to the discovery of the records responsive to the FOIA Request;

(d)  Order the State Department to produce and release all non-exempt records responsive to the FOIA Request within twenty (20) business days of the Court's order in this action and to provide FAIR with a *Vaughn* index of any responsive records, material, or information withheld under claim of exemption;

(e)  Enjoin the State Department from continuing to withhold any and all non-exempt records responsive to the FOIA Request;

(f)  Enjoin the State Department from charging fees or costs for the processing of the FOIA Request (including any fees or costs for the search, review, and production of records);

(g)  Award FAIR its reasonable attorneys' fees and other litigation costs in this action,

pursuant to 5 U.S.C. §552(a)(4)(E); and

(h)  Grant FAIR such other relief as the Court may deem just and proper.

Dated:  January 25, 2019                    Respectfully submitted,

/s/ Ralph L. Casale
D.C. Bar No. 423526
Immigration Reform Law Institute
25 Massachusetts Ave., N.W.
Suite 335
Washington DC  20001
Telephone:  (202) 232-5590
Email: rcasale@irli.org

Counsel for FAIR